# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY LATRELL GIVENS,<br><br>Defendant. | No. 12-CR-55-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Gregory Latrell Givens's Objections (docket no. 24) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 23), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 14).

## *II. RELEVANT PROCEDURAL HISTORY*

On October 3, 2012, a grand jury returned a two-count Indictment (docket no. 2) against Defendant. Count 1 of the Indictment charges Defendant with knowingly possessing ammunition after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Such offense is a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count 2 of the Indictment charges Defendant with possessing with the intent to distribute crack cocaine after having been previously convicted of one or more felony drug offenses. Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. The Indictment also contains a forfeiture allegation.

On November 15, 2012, Defendant filed the Motion. On November 26, 2012, the government filed a Resistance (docket no. 18). On November 27, 2012, the government filed a Supplement (docket no. 19) to the Resistance. On November 28, 2012, Judge Scoles held a hearing on the Motion. *See* Minute Entry (docket no. 20). Defendant appeared in

court with his attorney, Cory Goldensoph. Assistant United States Attorney Daniel C. Tvedt represented the government. On November 30, 2012, Judge Scoles issued the Report and Recommendation, which recommends that the court deny the Motion. On December 12, 2012, Defendant filed his Objections. The matter is fully submitted and ready for decision.[1]

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

---

[1] The court notes that, pursuant to Local Criminal Rule 59, a party filing objections to a magistrate judge's report and recommendation "must arrange promptly for the transcription of all portions of the record the district court judge will need to rule on the objections." LCrR 59. In his Objections, Defendant does not indicate whether he has ordered a transcript of the November 28, 2012 hearing. In any case, because Defendant does not object to Judge Scoles's factual findings, the court finds it unnecessary to review a transcript of the hearing.

2

## IV. ANALYSIS

Defendant objects to two of Judge Scoles's conclusions of law. First, Defendant objects to Judge Scoles's finding that there was no Fourth Amendment violation when Officer Nathan Baughan initiated the October 7, 2010 traffic stop of Defendant's vehicle. Second, Defendant objects to Judge Scoles's finding that law enforcement did not conduct a warrantless search in violation of the Fourth Amendment when law enforcement deployed a drug dog to sniff Defendant's apartment door. After a de novo review of the record, the court overrules Defendant's Objections and adopts Judge Scoles's findings in their entirety.

### A. Traffic Stop

First, Defendant argues that Officer Baughan did not have probable cause to believe or a reasonable suspicion that Defendant's paper registration card was not valid and, consequently, Officer Baughan violated Defendant's Fourth Amendment rights by initiating a traffic stop. Defendant contends that the cases Judge Scoles relies on in the Report and Recommendation—*United States v. Sanchez*, 572 F.3d 475 (8th Cir. 2009), and *United States v. Mendoza*, 691 F.3d 954 (8th Cir. 2012)—are distinguishable from the facts of this case. Rather, Defendant argues that *United States v. Wilson*, 205 F.3d 720 (4th Cir. 2000), is "more closely aligned" with the facts of this case. Objections at 1. Moreover, Defendant contends that, contrary to Judge Scoles's suggestion, Defendant could not have made his paper registration card more visible.

The Eighth Circuit Court of Appeals recently summarized the law applicable to traffic stops:

> The Fourth Amendment prohibits "unreasonable searches and seizures." "A traffic stop constitutes a seizure of [a] vehicle's occupants, including any passengers." *United States v. Sanchez*, 572 F.3d 475, 478 (8th Cir. 2009), *citing Brendlin v. California*, 551 U.S. 249, 255–57, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007). A traffic stop "must be supported by reasonable suspicion or probable cause." *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008). "A law enforcement officer has reasonable suspicion when the officer

> is aware of 'particularized, objective facts which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed.'" *Id*. "Any traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Wright*, 512 F.3d 466, 471 (8th Cir. 2008) (citation and internal quotes omitted). "The determination of whether probable cause," or reasonable suspicion, "existed is not to be made with the vision of hindsight, but instead by looking to what the officer reasonably knew at the time." *See United States v. Sanders*, 196 F.3d 910, 913 (8th Cir. 1999). Even an officer's incomplete initial observations may give reasonable suspicion for a traffic stop. *United States v. Smart*, 393 F.3d 767, 770–71 (8th Cir. 2005). Mistakes of law or fact, if objectively reasonable, may still justify a valid stop. *Id*.

*United States v. Hollins*, 685 F.3d 703, 705-06 (8th Cir. 2012) (alteration in original). In *Hollins*, Nebraska law enforcement officers saw a SUV without license plates and initiated a traffic stop. *Id*. at 705. As one of the officers approached the vehicle, he noticed what appeared to be a valid "In Transit" sticker, which, "[i]n Nebraska, . . . may replace a license plate for 30 days after the purchase of a vehicle." *Id*. Nevertheless, given the officer's experience with "phony" In Transit stickers, he proceeded to investigate. *Id*. In holding that the officers had a reasonable suspicion justifying the traffic stop, the Eighth Circuit noted that, "[a]lthough the officers were mistaken about the SUV's registration status, their actions were objectively reasonable because they could not then see the In Transit sticker." *Id*. at 706.

After conducting a de novo review, the court finds that Judge Scoles correctly concluded that there was a valid basis for the October 7, 2010 traffic stop. It is undisputed that Officer Baughan observed a vehicle with no metal license plates and that he could see what appeared to be a paper registration card in the rear window of the car but could not read it due to the angle of the rear window and the fact that it was dark outside. Given these facts, the court concludes that Officer Baughan had a reasonable suspicion justifying a traffic stop to further investigate. Although the paper registration card was, in fact, valid,

Officer Baughan's "actions were objectively reasonable because [he] could not" clearly see whether the paper in the rear window was a registration card. *Id.* Furthermore, the court agrees with Judge Scoles's analysis of *Wilson*, a Fourth Circuit Court of Appeals case that Defendant contends is on point. As an initial matter, the court notes that it is not bound by Fourth Circuit precedent. Moreover, the court agrees with Judge Scoles that *Wilson* is distinguishable from the facts of this case. Accordingly, for the reasons more fully set forth in the Report and Recommendation, the court finds that Officer Baughan had a reasonable suspicion that Defendant was operating a vehicle without a valid registration in violation of Iowa Code section 321.98 and, consequently, the traffic stop did not violate Defendant's Fourth Amendment rights. Therefore, the court shall overrule Defendant's Objections to the extent he argues Officer Baughan violated his Fourth Amendment rights by initiating the October 7, 2010 traffic stop.

### B. Drug Dog Sniff

Next, Defendant contends that law enforcement officers violated his Fourth Amendment rights by deploying a drug dog in a common hallway to sniff Defendant's apartment door. In *United States v. Scott*, 610 F.3d 1009, 1016 (8th Cir. 2010), the Eighth Circuit held that law enforcement did not run afoul of the Fourth Amendment by entering a common hallway in an apartment building and deploying a drug dog to sniff an apartment door frame. Although Defendant concedes that *Scott* is directly on point, he argues that "*Scott* was wrongly decided and should be overruled." Objections at 3.

The court agrees with Judge Scoles that *Scott* is controlling. Although Defendant asks the court to "overrule *Scott*," *id.* at 3, the court is bound to apply Eighth Circuit precedent, *see Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). Accordingly, the court shall overrule Defendant's Objections to the extent he requests that the court find

that law enforcement conducted a warrantless search in violation of the Fourth Amendment.[2]

## V. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 24) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 23) is **ADOPTED**; and

(3) The Motion (docket no. 14) is **DENIED**.

**DATED** this 31st of December, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes that the Supreme Court of the United States granted certiorari in two cases dealing with drug dogs: *Florida v. Harris*, No. 11-817 (cert. filed Dec. 21, 2011), and *Florida v. Jardines*, No. 11-564 (cert. filed Sept. 26, 2011). The Supreme Court heard argument in both cases on October 31, 2012.