# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-55-LRR |
| vs. | **ORDER** |
| GREGORY LATRELL GIVENS, | |
| Defendant. | |

_____

The matter before the court is Defendant Gregory Latrell Givens's pro se "Motion to Dismiss" ("Motion") (docket no. 89), which the clerk's office filed on May 24, 2013. In the Motion, Defendant argues, among other things, that he "was not indicted per the requirement of the Constitution" because the Indictment (docket no. 2) is unsigned; there is no "real party in interest"; the court lacks "territorial jurisdiction"; the court lacks jurisdiction pursuant to 18 U.S.C. § 3231; and there were "grand jury irregularities." Motion at 1, 4, 9. Defendant requests "a hearing to require the government to establish its jurisdiction and authority via proof of claim in this matter" and further states that he "is prepared to submit an 'Offer of Proof' to establish grand jury irregularities which void the indictment with prejudice." *Id.* at 9.

The court finds that a hearing is unnecessary and that the Motion should be denied. First, Defendant filed the Motion while represented by counsel. This is impermissible. Defendant does not have a constitutional right to hybrid representation. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992). Second, even if the court were to reach the merits of the Motion, the court has reviewed each of Defendant's claims and concludes that they are frivolous. The Indictment is valid and the petit jury returned verdicts against him. Defendant does not provide a valid legal rationale or factual basis that leads the court to conclude that dismissal of the Indictment is warranted.

Thus, in light of the foregoing, the Motion (docket no. 89) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 29th day of May, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA