# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. GREGORY LATRELL GIVENS, Defendant. | No. CR12-0055-LRR  **MEMORANDUM, OPINION, and ORDER,** |

This matter is before the court on defendant Gregory Givens' pro se filing (docket no. 198), which the Clerk of Court's Office docketed as a motion to reduce sentence.

On October 3, 2012, a grand jury returned a two-count Indictment (docket no. 2), charging Givens with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possessing crack cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851. On May 22, 2013, a jury found him guilty of both counts. (docket no. 83). On July 29, 2013, the court sentenced Givens to 262 months' imprisonment. (docket nos. 132, 133). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals. *United States v. Givens*, 763 F.3d 987, 988 (8th Cir. 2014). A petition for writ of certiorari was denied by the Supreme Court on March 12, 2015. *See Givens v. United States*, 135 S. Ct. 1520 (2015). Givens then filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the court on May 10, 2016. (C16-0005-LRR, docket no. 10). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals on July 3, 2017. (C16-0005-LRR, docket no. 22). While that case was pending, Givens filed a second motion pursuant to 28 U.S.C. § 2255 on May 19, 2016. (C16-0096-LRR, docket no. 1). The court denied

that motion on March 8, 2017. (C16-0096-LRR, docket no. 5). Givens then filed a a third motion pursuant to 28 U.S.C. § 2255, without leave of the Eighth Circuit Court of Appeals, on July 25, 2017. (C17-0085-LRR, docket no. 1). The court denied that motion on August 8, 2017. (C17-0085-LRR, docket no. 3). Givens appealed, and that appeal was denied by the Eighth Circuit Court of Appeals on December 13, 2017. (C17-0085-LRR, docket no. 9). Givens filed a fourth 28 U.S.C. § 2255 motion, again without leave, on July 2, 2018. (C18-0068-LRR, docket no. 1). The court denied that motion, and Givens filed another futile appeal. (C18-0068-LRR, docket no. 18). While that case was pending, Givens filed a motion pursuant to 28 U.S.C. § 2241, which was denied in the district in which he was incarcerated. *Givens v. United States*, No. 4:18-CV-993, 2018 WL 2718039, at *1 (M.D. Pa. June 6, 2018). Both during and after the pendency of the cases listed above, Givens filed several motions to reduce his sentence, motions to reconsider, and appeals, which were each denied. (*See e.g.* docket nos.183, 187, 189, 191, 197).

In the present motion (docket no. 198), Givens cites 18 U.S.C. § 3742 (the statute that gives criminal defendants the right to appeal criminal sentences generally) and argues that his sentence is unconstitutional. However, Givens cites no law that would give the court authority to reexamine his sentence seven years after it was imposed. Rather, the type of argument Givens is attempting to make can only be made in the context of a properly brought 28 U.S.C. § 2255 motion. To file such a motion, Givens would need, first, to get permission from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. 2255(h). Givens has been told about the requirements of § 2255(h) repeatedly in the cases cited above. Accordingly, his motion (docket no. 198) is **denied**.

Additionally, Givens is put on notice that the court will not tolerate any further frivolous motions or cases filed by him. If Givens files any additional motions or cases that the court deems frivolous, he will be required to show cause why he should not be

sanctioned. *See United States v. Akers*, 561 F. App'x 769, 771 (10th Cir. 2014) (unpublished), stating:

> Federal courts have the inherent power and discretion "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). There is "strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted). "Concomitant with the restrictions available to the district court, however, there must be some guidelines as to what [the restricted party] must do to obtain the court's permission to file an action." *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir.1989). And the party who faces restrictions "is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id*.

Sanctions may include monetary penalties and restrictions on filings.

**IT IS SO ORDERED**.

**DATED** this 14th day of April, 2020.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA